09-2367-cv
AIG Global Corp. v. Banc of America

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of July, two thousand ten.

PRESENT:

> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,[*]
> > *Circuit Judges.*

---

AIG GLOBAL SECURITIES LENDING CORP., as lending agent for certain affiliated lenders; AIG LIFE INSURANCE COMPANY; ALLSTATE LIFE INSURANCE COMPANY; BANK LEUMI USA; BAYERISCHE LANDESBANK, New York Branch; INTERNATIONAL FINANCE CORPORATION; SOCIETE GENERALE, as manager for Certain Funding Limited; and TRAVELERS INSURANCE COMPANY,

> *Plaintiffs-Appellees*,

v.                      09-2367-cv
                                  Summary Order

BANC OF AMERICA SECURITIES, LLC,

> *Defendant-Appellant*.

---

[*] At the time of oral argument, Judge Chin was a United States District Judge for the Southern District of New York, sitting by designation.

FOR PLAINTIFFS-APPELLEES: David Spears (Christopher W. Dysard and Jason T. Mogel, *on the brief*), Spears & Imes LLP, New York, NY; (Jeff I. Ross and Harry N. Niska, *on the brief*, Ross & Orenstein LLC, Minneapolis, MN).

FOR DEFENDANT-APPELLANT: Lawrence Robbins (Alan E. Untereiner and Eric J. Feigin, *on the brief*), Robbins, Russel, Englert, Orseck, Untereiner & Sauber LLP, Washington, DC; (Dwight J. Davis, Richard T. Marooney, William O. L. Hutchinson, King & Spalding LLP, New York, NY, *on the brief*).

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

Defendant-Appellant Banc of America Securities LLC ("BAS") appeals from the January 5, 2009 judgment of the United States District Court for the Southern District of New York (Koeltl, *J.*), entered following a jury trial on Plaintiffs-Appellees' federal securities law and state law fraud claims, and also from the court's May 14, 2009 order denying BAS's motions for judgment as a matter of law and for a new trial. We assume the parties' familiarity with the underlying facts, procedural history, and specification of the issues on appeal.

This Court reviews *de novo* a district court's ruling on a motion pursuant to Federal Rule of Civil Procedure 50 for judgment as a matter of law, applying the same standard used by the district court below. *Cobb v. Pozzi*, 363 F.3d 89, 101 (2d Cir. 2004). "Provided the proper pre-verdict motion has been made and renewed, Rule 50(a) permits a district court to enter judgment as a matter of law against a party on an issue where there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Id.* (internal quotation marks omitted). The required pre-verdict motion, however, must "specify the judgment sought and the law and the facts

2

on which the moving party is entitled to the judgment." *Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 286 (2d Cir. 1998) (quoting Fed.R.Civ.P. 50(a)(2)). It may be renewed after an unfavorable verdict, but limited only to the grounds specifically raised in the prior motion for judgment as a matter of law; new grounds may not be added post-trial. *Tolbert v. Queens Coll.*, 242 F.3d 58, 70 (2d Cir. 2001); *see also Galdieri-Ambrosini*, 136 F.3d at 286 ("[T]he specificity requirement is obligatory." (quoting *Lambert v. Genesee Hosp.*, 10 F.3d 46, 53-54 (2d Cir. 1993))). The forfeited issue may be reached if "to ignore it would result in manifest injustice" or if it is a "purely legal error." *Fabri v. United Techs. Int'l, Inc.*, 387 F.3d 109, 119 (2d Cir. 2004). Meanwhile, we review a district court's denial of a Rule 59 new trial motion for abuse of discretion. Such a motion should not be granted "unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Medforms, Inc. v. Healthcare Mgmt. Solutions, Inc.*, 290 F.3d 98, 106 (2d Cir. 2002) (quoting *Hugo Boss Fashions, Inc. v. Fed. Ins. Co.*, 252 F.3d 608, 623-24 (2d Cir. 2001)) (internal quotation marks omitted).

On appeal, BAS argues that the district court's judgment must be vacated because the jury's verdict may have been premised upon a theory of liability that is invalid as a matter of law, and the general verdict returned prevents this Court from determining whether this was the case.

> The general verdict rule was developed to determine the viability of a verdict in favor of a plaintiff when alternative theories for imposing liability are given to the jury, but one of those theories should not have been submitted. In such cases, the usual course is to reverse the verdict and order a new trial because it is impossible to determine whether the invalid theory was or was not the sole basis for the verdict.

*Bruneau v. S. Kortright Cent. Sch. Dist.*, 163 F.3d 749, 759 (2d Cir. 1998), *abrogated on other grounds by Fitzgerald v. Barnstable Sch. Comm.*, 129 S. Ct. 788 (2009). This Court has applied the general verdict rule both in cases where one of several legal theories of liability was improperly

submitted to the jury, *see, e.g.*, *Morrissey v. Nat'l Mar. Union of Am.*, 544 F.2d 19, 25-27 (2d Cir. 1976) (applying rule where district court charged jury that defendant could be found liable under either one of two statutory sections, one of which was inapplicable as a matter of law), and also in cases where a single legal theory was submitted to the jury, but one of several sets of facts presented as adequate to prove liability was found insufficient as a matter of law, *see, e.g., O'Neill v. Krzeminski*, 839 F.2d 9, 11-12 (2d Cir. 1988) (applying rule where defendant police officer could not have been liable to plaintiff for failing to prevent injuries resulting from spontaneous beating delivered by other defendant officers, but could have been liable for failing to prevent subsequent mistreatment at the hands of one of those defendants).

In support of their federal and state law securities fraud claims, Plaintiffs asserted at trial that BAS made materially misleading statements and omissions in four different ways: (1) by "[c]omparing the loss and delinquency statistics for the trust with other retailer[]s['] statistics without disclosing the fact that a number of the other retailers used a more conservative aging methodology"; (2) "[p]resenting the loss and delinquency statistics for the trust based on a recency method that materially masked non[re]payment [of loans that backed the securities at issue]"; (3) "[o]mitting the ways that [the accounting method used was] materially misapplied"; and (4) "[o]mitting the fact that [defendants possessed] a separate set of aging statistics that would have revealed the poor credit quality of the receivables [underpinning the securities]." Tr. at 3180-81. BAS contends that the second and fourth of Plaintiffs' theories of the case were flawed as a matter of law, amounting to an argument that the accounting method BAS employed was inherently fraudulent, when in fact the method, while aggressive, is commonly used and not misleading. *See Lawrence v. Cohn*, 325 F.3d 141, 147 (2d Cir. 2003) (Section 10(b) claim requires a plaintiff to

"establish that the defendant, in connection with the purchase or sale of securities, made a materially false statement or omitted a material fact, with scienter, and that the plaintiff's reliance on the defendant's action caused injury to the plaintiff." (internal quotation marks omitted)); *Baker v. Dorfman*, 239 F.3d 415, 423 (2d Cir. 2000) (fraud under New York law also requires a "material misrepresentation or omission of fact"). Since its preferred accounting method was legitimate, BAS also asserts it was under no duty to disclose the more conservative accounting data in its possession. *See Basic Inc. v. Levinson*, 485 U.S. 224, 239 n.17 (1988) ("To be actionable, . . . a statement must . . . be misleading. Silence, absent a duty to disclose, is not misleading under [the federal securities laws]."); *In re Time Warner Inc. Sec. Litig.*, 9 F.3d 259, 268 (2d Cir. 1993) (duty to disclose can arise from the need to make defendant's other statements not misleading).

Even assuming, *arguendo*, that BAS's characterization of Plaintiffs' trial arguments is accurate and that BAS's legal conclusions regarding those arguments are sound, we need not decide whether the general verdict rule, if applied, would require a new trial in this case. In making its pre-verdict Rule 50(a) motion for judgment as a matter of law, BAS did not argue to the district court that any of Plaintiffs' theories of liability — whether properly characterized as factual or legal theories — were invalid as a matter of law, limiting its arguments to whether the trial evidence was sufficient to support Plaintiffs' theories. *See* Def. Motion for Judgment as a Matter of Law at 12-18. Accordingly, BAS cannot rely on the general verdict rule on appeal. *See Galdieri-Ambrosini*, 136 F.3d at 286 ("[I]f the defendant's Rule 50(a) motion were adequate as to one [claim submitted to the jury] but inadequate as to the other [invalid claim], the defendant would normally not be entitled to prevail if the jury found in favor of the plaintiff on the claim as to which the motion was inadequate."). Nor are we persuaded that a potential for injustice exists that would compel us to

5

vacate the jury's verdict despite BAS's failure to address the issue in its pre-verdict motion, especially given that BAS requested that the district court reprise Plaintiffs' theories of the case in the court's jury instructions. BAS does not assign any error to those instructions, which in any event properly instructed the jury on the law. Nor could BAS raise such a challenge at this late stage. *See Jarvis v. Ford Motor Co.*, 283 F.3d 33, 57 (2d Cir. 2002) ("[F]ailure to object to a jury instruction . . . prior to the jury retiring results in a waiver of that objection." (internal quotation marks omitted)).

BAS also contends that reversal is required in this case because the Plaintiffs failed to prove loss causation, and because the district court's loss-calculation instruction to the jury was improper. As to these arguments, after a careful review, we affirm the district court's judgment for substantially the reasons stated in its May 14, 2009 order.

We have considered BAS's remaining arguments and find them to be without merit. For the foregoing reasons, the district court's judgment is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6